**Angel Amado SANTOS–SALAZAR, Petitioner,**

**v.**

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

**Docket No. 04–2024–AG.**

United States Court of Appeals, Second Circuit.

Motion: Dec. 1, 2004.

Decided: March 1, 2005.

---

---

Angel Amado Santos–Salazar, Petitioner pro se, Rome, New York.

David N. Kelley, United States Attorney for the Southern District of New York, New York, New York (Sue Chen, Special Assistant United States Attorney, New York, New York, of counsel), for Respondent.

Before: KEARSE, SACK, and HALL, Circuit Judges.

KEARSE, Circuit Judge.

Petitioner *pro se* Angel Amado Santos–Salazar ("Santos"), an alien who has been ordered removed from the United States pursuant to, *inter alia,* 8 U.S.C. § 1182(a)(2)(A)(i)(II) on the ground that he has been convicted of a controlled-substance offense, has petitioned this Court for review of an order of the United States Board of Immigration Appeals ("BIA") denying his motion for reconsideration of a BIA order denying his motion to reopen the removal proceedings. Santos has moved in this Court for, *inter alia,* a stay of removal pending our consideration of his petition. The government opposes

Santos's motion for a stay and has cross-moved for dismissal of the petition for review, contending that this Court lacks subject matter jurisdiction. The government's motion is granted. Because this Court would lack jurisdiction to review the underlying order of removal and the order denying Santos's motion to reopen, we also lack jurisdiction to review the BIA order denying reconsideration of its order refusing to reopen the removal proceedings.

The following facts are not in dispute. Santos is a citizen of the Dominican Republic; he entered the United States illegally in 1992. In 1999, he was convicted in New York State Supreme Court, Bronx County, of attempted criminal possession of a controlled substance, to wit, cocaine, in the third degree, *see* N.Y. Penal Law § 220.16 (McKinney 2000). In January 2003, removal proceedings were commenced against Santos by the Immigration and Naturalization Service (which, as of March 1, 2003, was replaced with respect to such matters by the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement) on the grounds that Santos was (a) an alien present in the United States without having been lawfully admitted, and (b) an alien convicted of a controlled-substance offense.

At a hearing before an Immigration Judge ("IJ"), Santos admitted being an alien, entering the United States illegally, and being convicted in 1999 of attempted possession of cocaine. (Hearing Transcript, April 29, 2003 ("Tr."), at 7.) Accordingly, the IJ found that Santos was subject to removal and that, in light of his admissions, he was ineligible for any relief from removal. (Tr. 8–10; *see* written "ORAL DECISION OF THE IMMIGRATION JUDGE" dated April 29, 2003 ("Oral Decision"), at 2–3.) The IJ ordered Santos

removed from the United States. (*See* Oral Decision at 4.)

Santos appealed the IJ's decision to the BIA, which, by order dated August 27, 2003, affirmed without opinion. In September 2003, Santos filed a motion with the BIA requesting an opportunity to apply for discretionary relief from removal; in November 2003, he filed a motion to reopen the removal proceedings. In an order dated January 26, 2004, the BIA denied the motion to reopen, stating that it had been received after the 90–day deadline for filing such motions. Santos moved for reconsideration of that denial. In an order dated April 1, 2004, the BIA denied reconsideration, stating that Santos had not established any error in the denial of the motion to reopen. The BIA noted, however, that its January 26, 2004 order had not dealt with Santos's September 2003 motion requesting an opportunity to apply for discretionary relief from removal. *See* BIA Order dated April 1, 2004. The BIA concluded that that motion, although timely, was without merit because "due to [Santos's] criminal conviction he is ineligible for cancellation of removal, and is not eligible for the relief of adjustment of status." *Id.*

Santos has petitioned this Court for review of the BIA order denying his motion for reconsideration of the denial of his motion to reopen the removal proceedings and denying his request for an opportunity to seek relief from removal. He asks that we "[r]evoke the final Order of deportation," remand for further proceedings, and "[g]rant Petitioner ... the opportunity to apply for any form of relief" from removal. (Santos Petition for Review dated April 15, 2004 ("Petition for Review"), Wherefore ¶¶ 1–2.) He has moved for leave to proceed *in forma pauperis* and for a stay of removal pending decision on his petition for review.

The government opposes Santos's motion for a stay; and, relying on 8 U.S.C. § 1252(a)(2)(C), it has cross-moved for dismissal of the petition for review on the ground that, because Santos has been convicted of a controlled-substance offense, this Court lacks jurisdiction to entertain his petition for review. In opposition to the government's cross-motion, Santos argues principally that the jurisdictional bar in § 1252(a)(2)(C) is inapplicable to the crime of which he was convicted because that crime was "not ... particularly serious" (Affidavit of Angel Amado Santos–Salazar dated September 17, 2004 ("Santos Aff."), ¶ 14), and that he was denied due process because the BIA did not afford him an adequate opportunity to be heard (*see id.* ¶¶ 8–11; *see also* Petition for Review ¶ 9 (alleging that the IJ who presided over his hearing was biased)). For the reasons that follow, we reject Santos's contentions and grant the government's cross-motion to dismiss the petition for review.

Section 1252(a)(2)(C) of Title 8 of the United States Code, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, § 440(a), 110 Stat. 1214, 1276–77 (1996), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, Div. C, Title III–A, § 306(a), 110 Stat. 3009–546, 3009–607 to 3009–608 (1996) ("IIRIRA"), provides, in relevant part, that

> [n]otwithstanding any other provision of law, no court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section 1182(a)(2) ... of this title,

8 U.S.C. § 1252(a)(2)(C). Section 1182(a)(2) of 8 U.S.C. makes any alien convicted of an offense relating to a controlled substance, including cocaine, re-

movable. *See, e.g., Durant v. INS*, 393 F.3d 113, 115 (2d Cir.2004) (cocaine); *see also Chow v. INS*, 113 F.3d 659, 663 (7th Cir.1997) (heroin). Accordingly, an order for the removal of an alien by reason of his conviction of an offense relating to cocaine is not judicially reviewable. *See, e.g., Durant v. INS*, 393 F.3d at 115.

■ One of Congress's principal goals in introducing § 1252(a)(2)(C)'s jurisdiction-stripping provision was to expedite the removal of aliens who have been convicted of certain types of crimes. *See, e.g., Durant v. INS*, 393 F.3d at 116 ("Congress's intent in enacting IIRIRA's limitations on judicial review ... was to 'speed the removal of legal permanent resident[ aliens] convicted of certain crimes from the United States' ") (quoting *Calcano–Martinez v. INS*, 232 F.3d 328, 329 (2d Cir.2000), *aff'd*, 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001)); *Zhang v. INS*, 274 F.3d 103, 108 (2d Cir.2001) (Congress's "goal[ ] in enacting IIRIRA ... to expedite the removal of aliens who have been convicted of aggravated felonies" encompasses aliens who have been intercepted before entry into the United States and not admitted). After the BIA has affirmed an IJ's order of removal, the alien may seek reconsideration on the ground that the BIA has made a legal or factual error, *see* 8 C.F.R. § 1003.2(b), or may move to have the BIA, in its discretion, reopen the removal proceedings for the submission of new evidence, *see* 8 C.F.R. § 1003.2(c). In light of Congress's goal of eliminating delays in the departures of aliens whose removal is based on their criminal conduct, we have held that "when an alien has been ordered removed because of a conviction for one of the offenses specified in § 1252(a)(2)(C), the jurisdictional bar imposed by this section also applies to an order denying a motion to reopen removal proceedings." *Durant v. INS*, 393 F.3d at 114. To conclude otherwise would allow the alien to end-run the provision that forbids review of the removal order itself:

> [w]hile final orders of removal and orders denying motions to reopen are treated as separate final orders and require separate petitions for review, ... these orders are sufficiently connected that *permitting review of a motion to reopen when § 1252(a)(2)(C) bars review of the final order of removal would provide an improper backdoor method of challenging a removal order.*

*Durant v. INS*, 393 F.3d at 115 (emphasis added). We stated that even though a petition for review of an order denying a motion to reopen does not bring up for review the merits of the underlying removal order, "a holding by this Court that the BIA abused its discretion in denying a motion to reopen and [an] order[ ] that the case be remanded to the BIA would have the effect of undermining the jurisdictional bar imposed by 8 U.S.C. § 1252(a)(2)(C)." *Durant v. INS*, 393 F.3d at 115–16.

■ The present case is one step beyond *Durant*, as Santos's petition seeks review not of the denial of his motion to reopen but rather of the denial of his motion for reconsideration of the denial of his motion to reopen. The *Durant* principle remains controlling, for to allow the petition for reconsideration would, again, indirectly provide a vehicle for challenging the order of removal. Indeed, Santos's petition for review of the denial of reconsideration in this case overtly asks that we, *inter alia*, "[r]evoke the final Order of deportation." (Petition for Review, WHEREFORE ¶ 1.) Accordingly, we conclude that, to the extent that the order of removal is made unreviewable by the jurisdiction-stripping provision in § 1252(a)(2)(C), we lack jurisdiction to review the BIA's denial of reconsideration of a motion to reopen the removal proceedings.

■ There are, however, aspects of § 1252(a)(2)(C) as to which judicial review has not been eliminated. First, § 1252(a)(2)(C) does not deprive the courts of jurisdiction to determine whether the section is applicable, *e.g.,* whether the petitioner is in fact an alien, whether he has in fact been convicted, and whether his offense is one that is within the scope of 8 U.S.C. § 1182(a)(2). *See, e.g., Ming Lam Sui v. INS,* 250 F.3d 105, 110 (2d Cir. 2001); *Bell v. Reno,* 218 F.3d 86, 89–90 (2d Cir.2000), *cert. denied,* 531 U.S. 1081, 121 S.Ct. 784, 148 L.Ed.2d 680 (2001); *Moore v. Ashcroft,* 251 F.3d 919, 923 (11th Cir. 2001). Although Santos attempts to invoke this principle, contending that his offense is not within the scope of § 1252(a)(2)(C) because attempted possession of cocaine is "not [a] ... particularly serious crime" (Santos Aff. ¶ 14), that contention is meritless in light of the statutory language. The cocaine-related offense of which Santos was convicted is squarely covered by § 1182(a)(2), and hence the jurisdiction-stripping provision of § 1252(a)(2)(C) is applicable.

■ Second, in *Calcano–Martinez v. INS,* 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001), in which the Supreme Court affirmed the jurisdictional dismissals of petitions for review filed by aliens who had been convicted of felonies that were within § 1252(a)(2)(C), *see* 533 U.S. at 351–52, 121 S.Ct. 2268, the Court noted that "the Government ... conceded that the courts of appeals retain jurisdiction to review 'substantial constitutional challenges' raised by aliens who come within the strictures of § 1252(a)(2)(C)," 533 U.S. at 350 n. 2, 121 S.Ct. 2268 (quoting government's brief). While finding it unnecessary to address that point further in that case, the Court found it "instructive that the Government acknowledges that background principles of statutory construction

and constitutional concerns must be considered in determining the scope of IIRIRA's jurisdiction-stripping provisions." *Id.*

Although Santos argues that he was denied due process in the administrative proceedings, he raises no substantial constitutional question. His suggestion that the IJ was biased finds no support in the record. His contention that "[t]he BIA did not afford [him] an opportunity to be heard" (Santos Aff. ¶ 8; *see also* Petition for Review ¶ 11 (alleging that BIA did not "giv[e] Petitioner an opportunity to be heard on his Motion to Reopen and Stay of [*sic*] Deportation")) is likewise meritless. Santos's motion to reopen (indeed, each of his motions) was accompanied by an affidavit presenting Santos's arguments. Plainly, he had an opportunity to be heard. To the extent that Santos means that he was not allowed to argue orally, that contention plainly presents no constitutional issue.

In sum, because the final order for Santos's removal is made unreviewable by § 1252(a)(2)(C), we lack jurisdiction to review the BIA's denial of Santos's motion for reconsideration of the denial of his motion to reopen the removal proceedings.

■ Finally, we note that to the extent that Santos seeks review of so much of the BIA's order as denied his request for an opportunity to apply for discretionary relief from removal, we lack jurisdiction under a different IIRIRA provision. *See* 8 U.S.C. § 1252(a)(2)(B) (except as to requests for asylum, "no court shall have jurisdiction to review," *inter alia,* discretionary decisions with regard to "the granting of relief" from removal).

We have considered all of Santos's arguments in support of appellate jurisdiction and have found them to be without merit. The government's motion to dismiss the petition for review is granted. Santos's

motions for a stay and other relief are denied as moot.