June A. WHYTE, Petitioner,

v.

Michael B. MUKASEY, Respondent.

No. 06–4494–ag.

United States Court of Appeals,
Second Circuit.

Dec. 20, 2007.

H. Raymond Fasano, Madeo & Fasano, New York, NY, for Petitioner.

Michael Sady, Assistant United States Attorney, for Michael J. Sullivan, United States Attorney for the District of Massachusetts, for Respondent.

Present: ROSEMARY S. POOLER, ROBERT D. SACK, SONIA SOTOMAYOR, Circuit Judges.

**SUMMARY ORDER**

June Ann Whyte seeks review of a August 31, 2006 order of the BIA, denying the petitioner's motion to reconsider and reopen an April 10, 2006 decision of the BIA. *In the Matter of June Ann Whyte*, No. A35 748 481 (BIA August 31, 2006). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

The sole issue presented by this petition for review is whether the BIA abused its discretion by denying the motion to reopen. In 1997, Whyte conceded removability on the ground that she had been convicted of a crime involving moral turpitude in violation of Section 212(a)(2)(A)(i)(I) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(2)(A)(i). Because she pled guilty to the relevant criminal activity before April 24, 1996, the BIA determined that she was eligible for a discretionary waiver of removability under former INA Sections 212(c) & (h) and remanded her case to an Immigration Judge ("IJ") to determine whether to grant her a discretionary waiver. On October 27, 2004, the IJ (Hom) issued an order finding her removable and declining to grant her a discretionary waiver under either former INA Section 212(c) or Section 212(h). On April 10, 2006, the BIA affirmed. *In the Matter of June Ann Whyte*, No. A35 748 481, 2006 WL 1558791 (BIA April 10, 2006). On July 7, 2006, Whyte submitted new evidence to the BIA and asked the BIA to reconsider its decision of April 10, 2006. The BIA denied the motion, which it deemed to be a motion to reopen, on the ground that the new evidence submitted was unlikely to establish that Whyte was worthy of a favorable exercise of discretion under either former INA Section 212(c) or Section 212(h). Whyte then petitioned this Court for review of the BIA's final decision.

We lack jurisdiction to review the agency's discretionary decision to deny a former INA Section 212(c) or Section 212(h) waiver, except to review constitutional claims or errors of law. *See* 8 U.S.C. 1252(a)(2)(B); *Avendano–Espejo v. Department of Homeland Security*, 448 F.3d 503, 504 (2d Cir.2006). Further, we lack jurisdiction to review the denial of a motion to reopen when we would lack jurisdiction to review the underlying ground of the removal order. *See Santos–Salazar v. U.S. Dept. of Justice*, 400 F.3d 99, 103 (2d Cir.2005). The petitioner recognizes these jurisdictional bars, but argues that the BIA committed legal error by failing to consider all the adverse and favorable factors in the record and by failing to demonstrate that those factors were fairly weighed and balanced. "[A]lthough the REAL ID Act restores our jurisdiction to review 'constitutional claims or questions of law,' 8 U.S.C. § 1252(a)(2)(D), we remain deprived of jurisdiction to review decisions under the INA when the petition for review essentially disputes the correctness of an IJ's fact-finding or the wisdom of his [or her] exercise of discretion and raises neither a constitutional claim nor a question of law." *Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 329 (2d Cir.2006). If, however, a discretionary judgment of the agency were "made without rational justification," this would con-

stitute legal error over which we retain jurisdiction. *See id.* Here, the BIA's decisions had a rational justification. In denying her motion to reopen, the BIA explained that she had only presented letters demonstrating continued employment, tax returns, letters from her son's school, and information on kleptomania, and the BIA found that this evidence was insufficient to establish that reopening was warranted. In the underlying order, the BIA explained that her lengthy criminal history, which included criminal convictions during the pendency of her petition, outweighed the significant equities in her favor. We thus lack jurisdiction to review the BIA's discretionary decision, because the petitioner fails to raise any genuine issues of law. *See Saloum v. U.S. Citizenship & Immig. Servs.,* 437 F.3d 238, 243–44 (2d Cir.2006) (rejecting petitioner's effort to "dress up" into a reviewable claim an argument that "the IJ incorrectly weighed the evidence" and that the agency therefore abused its discretion, a claim "over which we have no jurisdiction") (internal citations omitted).

We therefore DENY the petition for review. Any pending motions are dismissed as moot.