**Mariela ANAGARITA, Petitioner,**

v.

**Michael B. MUKASEY,\* Respondent.**

**No. 07–1674–ag.**

United States Court of Appeals,
Second Circuit.

March 5, 2008.

* Pursuant to Federal Rule of Appellate Proce-    dure 43(c)(2), Attorney General Michael B.

Matthew L. Guadagno (Kerry W. Bretz, Jules E. Coven, on the brief), New York, NY, for Petitioner.

Alison Marie Igoe, Senior Litigation Counsel, Office of Immigration Litigation (Peter D. Keisler, Assistant Attorney General, Edward J. Duffy, on the brief), U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. GUIDO CALABRESI and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Mariela Anagarita, a native and citizen of Colombia, petitions for review of the March 23, 2007, 2007 WL 1180987, decision of the Board of Immigration Appeals ("BIA") denying her motion to reopen and to reconsider the BIA's decision affirming the decision of Immigration Judge ("IJ") Sandy K. Hom denying Anagarita's request for a waiver of inadmissibility under section 212(c) of the Immigration and Nationality Act ("INA"). *In re Anagarita,* No. A17–601–534 (B.I.A. Nov. 22, 2006), *aff'g* No. A17–601–534 (Immig. Ct. N.Y. City Feb. 17, 2004).

Anagarita entered the United States as a lawful permanent resident in 1968. In 1993 she was convicted following a guilty plea of criminal possession of a controlled substance (cocaine) under New York Penal Law section 220.18. After she served a

*Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as respondent in this case.*

period of incarceration, the government commenced removal proceedings under INA section 237(a)(2)(B)(i) based on her conviction "of a violation of ... any law or regulation of a State ... relating to a controlled substance." 8 U.S.C. § 1227(a)(2)(B)(i). Anagarita did not contest her removability on this ground but instead requested a waiver of inadmissability. The IJ denied relief and the BIA affirmed. The BIA found that "the question of whether [Anagarita's] offense [wa]s an aggravated felony [wa]s not determinative of the outcome of th[e] case" since the IJ would have denied section 212(c) relief regardless of whether Anagarita was considered an aggravated felon. With respect to section 212(c) relief, the BIA affirmed the IJ's conclusion that Anagarita "did not demonstrate outstanding and unusual equities" and, in any case, "did not establish that the positive factors in the record outweigh[ed] the serious negative factors." Anagarita moved to reopen and to reconsider the BIA's decision, which motion was denied. Anagarita appeals only from this denial of post-decision relief, and not from the underlying removal order and denial of section 212(c) relief. We assume familiarity with the facts, the procedural history, and the issues on appeal.

The sole issue presented by this petition for review is whether the BIA abused its discretion by denying the motion to reopen and reconsider. "[W]e are precluded from passing on the merits of the underlying [removal] proceedings" where the petitioner appeals only the BIA's denial of a motion to reopen and reconsider. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir.2001); *see Nwogu v. Gonzales*, 491 F.3d 80, 84 (2d Cir.2007) (per curiam); *Kaur v. B.I.A.*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *see also Stone v. INS*, 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

■ The INA bars judicial review of decisions committed to the Attorney General's discretion, such as the discretionary denial of Anagarita's application for a waiver of inadmissibility. *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Maiwand v. Gonzales*, 501 F.3d 101, 104 (2d Cir.2007). To the extent that the underlying order is made unreviewable by the jurisdiction-stripping provision in § 1252(a)(2)(B)(ii), we accordingly lack jurisdiction to review the BIA's denial of a motion to reopen and reconsider the underlying order. *See Santos–Salazar v. U.S. Dep't of Justice*, 400 F.3d 99, 103 (2d Cir.2005); *Durant v. INS*, 393 F.3d 113, 115 (2d Cir.2004).

We do, however, retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review colorable "constitutional claims or questions of law," such as the claim that "a discretionary decision is ... an abuse of discretion because it was made without rational justification or based on a legally erroneous standard." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir.2006). Anagarita argues that she raises a colorable question of law on appeal. Specifically, she contends that in denying her motion to reopen and reconsider the BIA failed to address one of her legal arguments: that, if read in conjunction with *Matter of Sotelo*, 23 I. & N. Dec. 201 (BIA 2001), the intervening Supreme Court decision in *Lopez v. Gonzales*, 549 U.S. 47, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), which clarified the INA's use of the term "aggravated felony," mandated reconsideration of her application for section 212(c) relief under a different legal standard.

■ We need not decide whether that issue confers jurisdiction. For the purposes of this order, we assume that we have jurisdiction, but we deny the petition because there is no merit in Anagarita's legal argument. In its affirmance of the

IJ's denial of relief, the BIA expressly stated that "the question of whether [Anagarita's] offense [wa]s an aggravated felony [wa]s not determinative of the outcome of the case." Thus, the BIA did not abuse its discretion on the motion to reopen/reconsider when it concluded that Anagarita's *Lopez* argument failed to identify a defect in the original decision. Although the IJ found that Anagarita did not demonstrate "unusual or outstanding" equities, the IJ nonetheless went on to apply a general balancing test, concluding that Anagarita did not establish that the positive factors in the record "outweigh[ed] the ... overwhelming negative factors." The BIA affirmed on the same grounds. Thus, inasmuch as the IJ and the BIA had already applied the balancing test that Anagarita advocates, the BIA did not abuse its discretion by denying a motion to reopen and reconsider asking for application of that standard.

For the foregoing reasons, the petition for review is DENIED.