SUMMARY ORDER
Petitioner Giovanni Pizarro, a native and citizen of Peru, seeks review of the May 29, 2008 order of the Board of Immigration Appeals (“BIA”) affirming the February 5, 2008 decision of Immigration Judge (“IJ”) Alan Page denying Pizarro’s motion to continue his removal proceedings so that the priority date on an approved family-based visa of which he was a derivative beneficiary could become current. Pizarro was brought to the United States by his parents in 1995 or 1996 when he was approximately five years old, and has re *39 mained here since then without being admitted or paroled.
At Pizarro’s removal proceedings, the IJ recognized that Pizarro’s parents had a pending application for lawful permanent residence status pursuant to Section 245(i) of the Immigration and Nationality Act (the “INA”), 8 U.S.C. § 1255®, based on an approved visa petition, and that Pizarro would be a derivative of such an application. The application had not yet been adjudicated because the priority date on the visa had not yet become current. The IJ, however, decided not to grant Pizarro’s motion to continue his removal proceedings. While the IJ recognized that Pizarro had lived in the United States since he was a young child and that his entire family resides in this country, the IJ also noted that he had three youthful offender convictions, for obstruction of governmental administration, criminal mischief, and gang assault in the first degree. Although these youth offender convictions did not preclude his eligibility for status adjustment, the IJ stated that they “clearly would be discretionary considerations.” The IJ further reasoned that after the third conviction, Pizarro had not been allowed to post bail, and therefore remained detained in the custody of the Department of Homeland Security. The BIA affirmed the IJ’s decision in a per curiam, stating in part:
While we recognize that the respondent has acquired various equities while living in the United States, we agree with the Immigration Judge that it is not good cause to request a continuance to await a visa petition becoming current at some uncertain date in the future where the alien is currently detained at government expense and there are several discretionary factors mitigating against a grant of adjustment of status in this matter.
In re Giovanni Pizarro, File A 97 525 921 (BIA May 29, 2008).
On appeal, Petitioner argues that the IJ and BIA wrongfully denied his motion for a continuance (1) by failing to explain and weigh the relevant factors, and (2) by misapplying the “good cause” standard.[3] But before considering these issues, we must first determine whether we have jurisdiction over this appeal. The Government argues that, because the agency’s decision to deny Pizarro’s motion for a continuance was predicated on a finding that it would exercise its discretion not to grant relief under Section 245, we lack jurisdiction over this motion just as we would lack jurisdiction to review the agency’s discretionary determination to deny a petitioner’s application for adjustment of status.[4]
Pursuant to the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104-208, 110 Stat. 3009 (1996) (“IIRIRA”), codified in relevant part at INA Section 242(a)(2)(B)® and (ii), Congress amended the INA to preclude judicial review of “any judgment regarding the granting of relief under [among others, Section 245]” and “any other decision or action of the Attorney General or the Secretary of Homeland Security the authority *40 for which is specified under this subchap-ter to be in the discretion of the Attorney-General or the Secretary of Homeland Security.” 8 U.S.C. § 1252(a)(2)(B)® and (ii). The scope of the IIRIRA’s jurisdiction-stripping provision was subsequently limited by the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, codified in relevant part at INA Section 242(a)(D), which provides that “[njothing in [the INA] which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals.” 8 U.S.C. § 1252(a)(2)(D).
Because a decision to grant or deny a petitioner’s motion for a continuance is not “specified under [the relevant] subchapter to be in the discretion of the Attorney General,” this Court has held that Section 242(a)(2)(B)(ii) “does not deprive us of jurisdiction to review decisions by IJs to grant or deny continuances.” Sanusi v. Gonzales, 445 F.3d 193, 198-99 (2d Cir.2006) (per curiam). Instead, we typically “review a decision by an IJ or the BIA to grant or to deny a continuance for an abuse of discretion.” Id. at 198.
Nevertheless, even though motions for a continuance are not explicitly within the purview of Section 242’s jurisdiction stripping provision, there are instances where we have limited jurisdiction over the agency’s decision to grant or deny a continuance. These occur when the agency’s decision as to the continuance is based on a discretionary determination over which our jurisdiction is limited. In Mariuta v. Gonzales, we held that we did not have jurisdiction to consider the petitioner’s motion to reopen her removal proceedings to permit her to apply for adjustment of status based on her approved 1-130 marriage-based visa. 411 F.3d 361, 363 (2d Cir.2005). The denial of the petitioner’s motion to reopen arguably was not a discretionary decision pursuant to Section 245— for which there is limited jurisdiction— because motions to reopen are governed by 8 C.F.R. § 1003.2 and are generally reviewable. Id. at 364. We recognized, however, that “where the underlying relief sought is itself discretionary in nature, the BIA may deny a motion to reopen if it determines that it would ultimately exercise discretion to deny that relief.” Id. at 364-65. And when a denial of such a motion is based on the BIA’s “merits-deciding” analysis of the petitioner’s entitlement to the underlying relief sought, then the motion denial may be considered to be a decision pursuant to the statutory provision providing that ultimate relief. Id. at 365. Because the BIA in Mariuta denied the petitioner’s motion to reopen not, for example, because she was ineligible, but instead because it would deny her application to adjust her status in the exercise of its discretion, we found that the motion denial was itself a discretionary decision under Section 245 that we accordingly had no jurisdiction to review.[5] Id.
Mariuta implicitly instructs that, when the BIA’s decision is based on an analysis of the underlying relief sought, our jurisdiction to review motions to reopen, for a continuance, and on other similar procedural grounds is symmetrical with that of our jurisdiction to review the decision on the underlying merits. Thus, if a petition *41 er moved to reopen or for a continuance to apply for cancellation of removal and the BIA denied the motion because he was statutorily ineligible based on a past conviction, then we would have our normal jurisdiction to review the decision.[6] See Sepulveda v. Gonzales, 407 F.3d 59, 62-63 (2d Cir.2005). If, instead, the BIA denied the motion based on a finding that the applicant was unable to prove the requisite “exceptional and extremely unusual hardship,” our jurisdiction would be limited to “review of constitutional claims or questions of law,” 8 U.S.C. § 1252(a)(2)(D), as described in Chen II, 471 F.3d at 329. And finally, if the motion denial was based on the agency’s decision that it would not exercise its sua sponte authority to reopen a case under 8 C.F.R. § 1003.2(a), we would have no jurisdiction at all to review the decision. See Ali v. Gonzales, 448 F.3d 515, 518 (2d Cir.2006) (per curiam). This congruence between our review of a petitioner’s procedural requests and the ultimate relief sought makes our jurisdictional doctrine coherent; otherwise exercising jurisdiction would “ ‘undermine the jurisdictional bar’ ” limiting review of the underlying merits-based decision. Mariuta, 411 F.3d at 366 (alteration omitted) (iquoting Durant v. INS, 393 F.3d 113, 115 (2d Cir.2004)); see also Santos-Salazar v. U.S. Dep’t of Justice, 400 F.3d 99, 103 (2d Cir.2005).
Here, Pizarro requested a continuance so that he could adjust his status under Section 245, 8 U.S.C. § 1255(i), but unlike Mariuta, we cannot say with certainty that the BIA’s decision to deny the continuance was based on the BIA’s merits-based decision that it would, as a matter of discretion, not grant Pizarro’s forthcoming application for adjustment of status. Mariuta, 411 F.3d at 365. In Mariuta, the BIA concluded that “[although the [petitioner] appears eligible for adjustment of status, we will deny the motion in the exercise of discretion.” Id. at 364. It noted that “a strong negative equity,” from falsely testifying under oath, was “not outweighed” by any positive factors. Id. Hence, in that case the BIA’s decision “clearly indicate[d]” that it was a merits-based discretionary judgment. Id. at 365.
We acknowledged in Mariuta, however, that “not all petitions will involve a record in which the BIA’s denial of a motion to reopen is so obviously a ‘discretionary’ decision” as to which our jurisdiction is limited. Id. at 367. “[Wjhere [instead] the grounds of the BIA’s denial are unclear the denial will not have been ‘discretionary.’ ” Id. In the case before us, although the BIA and IJ mentioned some discretionary factors, we cannot say that the basis for the decision was “so obviously” discretionary. Id. (citation omitted). Instead of concluding that in its discretion it would deny the application to adjust status, the BIA found that in Pizarro’s case, there was not “good cause” to grant the continuance because (1) Pizarro was detained at government expense, (2) it was uncertain when the visa’s priority date would become current, and (3) there were *42 discretionary factors mitigating against his application. In re Bizarro, at 1. Given the uncertainty as to the ground for the BIA’s decision, we find that we have jurisdiction to review the agency’s denial of Pizarro’s motion.
Where, as here, the BIA supplements the decision of the IJ, the Court reviews the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). Under immigration regulations, an IJ may grant a motion for a reasonable adjournment or a continuance “for good cause shown.” 8 C.F.R. §§ 1003.29, 1240.45. In view of the posture of this case, the agency’s denial of an alien’s request for a continuance of his removal proceedings is reviewed for abuse of discretion. Sanusi, 445 F.3d at 199. An IJ abuses his discretion in denying a continuance if (1) his decision rests on an error of law or a clearly erroneous factual finding, or (2) if his decision-though not necessarily the product of legal error or erroneous fact finding-cannot be located within the range of permissible decisions. Pedreros v. Keisler, 503 F.3d 162, 164 (2d Cir.2007) (per curiam).
Since Pizarro filed his petition for review, the BIA decided In re Hashmi, 24 I. & N. Dec. 785 (BIA 2009), which sets forth the relevant factors that an IJ should consider in determining whether “good cause” exists to continue removal proceedings to await the adjudication of a pending family-based visa petition. Id. at 790. We cannot be certain that, after reviewing the factors delineated in Hashmi, the IJ would have reached the same conclusion to deny Pizarro’s motion for a continuance. Accordingly, Pizarro’s petition for review of the decision of the BIA is GRANTED and the case is REMANDED to the BIA for further consideration in light of its prece-dential decision in In re Hashmi, 24 I. & N. Dec. 785 (BIA 2009). Pizarro’s motion for a stay of removal is GRANTED pending the BIA’s reconsideration.

. Pizarro actually argues that the IJ erred in failing to apply the “good cause” standard to his motion for a continuance. The IJ and the BIA explicitly mentioned the good cause standard. We therefore take his argument to be that the agency misapplied the standard.

. In making this argument, the Government is unclear whether it means to contend that we have no jurisdiction whatsoever (as applies to totally discretionary agency decisions, such as a denial to reopen sua sponte) or that we lack jurisdiction unless a plausible legal or constitutional claim is made. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 329 (2d Cir.2006) ("Chen II").

. Because deportation proceedings against the petitioner had commenced prior to April 1, 1997, Mariuta was decided under Section 309(c)(4)(E) of the IIRIRA’s transitional rules, which provided that "there shall be no appeal of any discretionary decision” made "under," among other provisions, INA Section 245. There is no dispute that the transitional rules do not apply in the instant case and instead that the relevant jurisdiction-stripping provision is INA Section 242.

. The Attorney General can cancel the removal of any alien who is inadmissible or removable if the alien: (1) has been physically present in the United States for a continuous period of not less than ten years immediately preceding the date of the application for cancellation of removal; (2) has been a person of good moral character during such period; (3) has not been convicted of certain criminal offenses; and (4) can establish that removal would result in exceptional and extremely unusual hardship to the aliens spouse, parent or child, who is a permanent resident or citizen of the United States. 8 U.S.C. § 1229b(b)(l). An alien is per se ineligible from establishing the required good moral character if he or she has "been confined, as a result of conviction, to a penal institution for an aggregate period of one hundred eighty days or more.” 8 U.S.C. § 1101(f)(7).