Sergio **CASTANEDA–BERNAL,**
**Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General,\* Respondent.**

No. 08–4537–ag.

United States Court of Appeals, Second Circuit.

June 15, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Alejandro Gutierrez, Law Offices of Alejandro Gutierrez, PLLC, Buffalo, NY, for Petitioner.

James E. Grimes, Senior Litigation Counsel (Linda S. Wernery, Assistant Director, Michael F. Hertz, Acting Assistant Attorney General, on the brief), Office of Immigration Litigation, United States Department of Justice, Washington, DC, for Respondent.

Present: Hon. ROGER J. MINER, Hon. ROBERT A. KATZMANN and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Sergio Castaneda–Bernal petitions for review of an order of the Board of Immigration Appeals ("BIA"), dated August 28, 2008, denying his motion to reconsider its previous decision affirming the Immigration Judge's ("IJ") denial of Castaneda–Bernal's applications for cancellation of removal and voluntary departure. We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

Castaneda–Bernal's petition must be dismissed because we lack jurisdiction to review it. This Court lacks jurisdiction over a petition for review of the denial of a motion to reconsider to the extent that we would lack jurisdiction to review the underlying order. *See Santos–Salazar v. U.S. Dep't of Justice,* 400 F.3d 99, 103 (2d Cir.2005). This jurisdictional bar does not prevent this Court from reviewing "constitutional claims" and "questions of law" raised in a petition. 8 U.S.C. § 1252(a)(2)(D). A petition does not raise a constitutional claim or question of law if it "merely quarrels over the correctness of the factual findings or justification for the discretionary choices [of the IJ and BIA]." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). Moreover, the legal or constitutional claim must at least be "colorable" to confer jurisdiction. *Barco–Sandoval v. Gonzales,* 516 F.3d 35, 40 (2d Cir.2008).

Castaneda–Bernal seeks cancellation of removal and voluntary departure. The IJ and BIA denied cancellation of removal because Castaneda–Bernal had not established "exceptional and extremely unusual hardship" as required by 8 U.S.C. § 1229b(b)(1), and denied voluntary departure as a matter of discretion. Both of these are discretionary decisions that this Court does not have jurisdiction to review. *See* 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i); *see also Barco–Sandoval,* 516 F.3d at 38–39 (holding that a determination about

whether a petitioner has established "exceptional and extremely unusual hardship" is a "discretionary judgment[ ] [that the Court] lack[s] jurisdiction to review"); *Carcamo v. U.S. Dep't of Justice,* 498 F.3d 94, 97 (2d Cir.2007). Accordingly, we do not have jurisdiction to review the denial of the motion for reconsideration.

■ While we nevertheless retain jurisdiction to review constitutional claims and questions of law, Castaneda–Bernal's petition does not raise any colorable legal or constitutional claims. One of Castaneda–Bernal's arguments—that the BIA did not consider the entire record—simply rephrases a "quarrel[ ] over the correctness of the factual findings or justification for the discretionary choices [of the IJ and BIA]" as a question of law, and we thus lack jurisdiction to consider it. *See Xiao Ji Chen,* 471 F.3d at 329.

■ Castaneda–Bernal does raise a question of law when he argues that the BIA did not offer a reasoned explanation of the denial of the motion, *see id.* (noting that a petition raises a question of law when "a discretionary decision is argued to be an abuse of discretion because it was made without rational justification"), but it is not a colorable one because the BIA's decision, though short, is fully reasoned. To the extent that Castaneda–Bernal means to argue that the BIA's reasoning was flawed because the BIA overlooked some of his arguments in making its original decision, this argument also is not colorable. The BIA is not required to "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner" as long as the BIA has "given reasoned consideration to the petition, and made adequate findings," *Wang v. BIA,* 437 F.3d 270, 275 (2d Cir. 2006) (internal quotation marks omitted), which it did here. Further, "[t]he BIA does not abuse its discretion by denying a

motion to reconsider where the motion [merely] repeats arguments that the BIA has previously rejected." *Khan v. Gonzales,* 495 F.3d 31, 36 (2d Cir.2007) (internal quotation marks omitted, second alteration in original).

■ While Castaneda–Bernal's final argument—that the BIA improperly allowed the same member to decide both his original appeal and his motion—raises a question of law, it is also not colorable in light of the BIA's regulation specifically allowing the same member to decide both an original appeal and a motion for reconsideration. *See* 8 C.F.R. § 1003.1(e)(5).

For the foregoing reasons, the petition for review is hereby **DISMISSED.**