11-4867
Pereyra-Martinez v. Holder

BIA
A031 021 291

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand thirteen.

PRESENT:
        ROBERT A. KATZMANN,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
            *Circuit Judges*.

_____

JOSE PEREYRA-MARTINEZ,
        *Petitioner*,

        v.                                    11-4867
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Alexander Arandia, Forest Hills, N.Y.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Thomas B. Fatouros,
                       Senior Litigation Counsel; Robert
                       Michael Stalzer, Trial Attorney, Office
                       of Immigration Litigation, United
                       States Department of Justice,
                       Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Jose Pereyra-Martinez, a native and citizen of the Dominican Republic, seeks review of an October 26, 2011, order of the BIA denying his motion to reopen and reconsider. *In re Jose Pereyra-Martinez*, No. A031 021 291 (B.I.A. Oct. 26, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We lack jurisdiction to review a final order of deportation, including an order denying a motion to reopen and reconsider, issued against an alien such as Pereyra-Martinez who was found deportable by reason of having committed an offense relating to a controlled substance. *See* 8 U.S.C. § 1252(a)(2)(C); *see also Santos-Salazar v. U.S. Dep't of Justice*, 400 F.3d 99, 102-03 (2d Cir. 2005); *Durant v. INS*, 393 F.3d 113, 115 (2d Cir. 2004). However, we retain jurisdiction to review colorable constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Pereyra-Martinez raises no colorable constitutional claims or questions of law in challenging the BIA's denial of his

motion.  *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).

It is undisputed that Pereyra-Martinez's 2011 motion, filed more than seven years after the agency's deportation order became final, was untimely.  *See* 8 U.S.C. § 1229a(c)(6),(7).  Because the untimely filing of Pereyra-Martinez's motion was not excused by any statutory exception, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv), his motion "could only be considered upon exercise of the Agency's *sua sponte* authority."  *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); 8 C.F.R. § 1003.2(a).  Such a decision is "entirely discretionary" and beyond the scope of our review.  *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006).  Nevertheless, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate."  *Mahmood*, 570 F.3d at 469; *see also Aslam v. Mukasey*, 537 F.3d 110, 115 (2d Cir. 2008); 8 U.S.C. § 1252(a)(2)(D).

Here, there is no indication that the BIA misperceived the law in declining to reopen or reconsider.  Indeed, as the

BIA noted, contrary to Pereyra-Martinez's argument, the Supreme Court's decision in *Lopez v. Gonzales*, 549 U.S. 47 (2006), had no bearing on Pereyra-Martinez's deportability. *Lopez* addressed the issue of whether a state conviction constitutes an aggravated felony under the Immigration and Nationality Act. *See id.*, at 53, 60. Here, Pereyra-Martinez was charged as subject to deportation as an alien convicted of a law relating to a controlled substance, not an aggravated felony. Similarly, Pereyra-Martinez's unexhausted argument that the Supreme Court's decision in *Vartelas v. Holder*, 132 S. Ct. 1479 (2012), provided a basis for *sua sponte* reopening is frivolous because, unlike the petitioner in *Vartelas*, Pereyra-Martinez was not found deportable because of a retroactive application of the travel restraint in the Illegal Immigration Reform and Immigrant Responsibility Act. *See id.* at 1488-90.

We decline to consider Pereyra-Martinez's arguments regarding the departure bar, as the BIA did not apply that bar in this case. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DISMISSED. Pereyra-Martinez's pending request for oral

argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk