Ortiz v. Holder

BIA
A044 476 510

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand thirteen.

PRESENT:
>        ROBERT A. KATZMANN,
>        RICHARD C. WESLEY,
>        GERARD E. LYNCH,
>             *Circuit Judges.*

_____

TEOFILO ORTIZ, A.K.A. GILBERTO ORTIZ,
>        *Petitioner,*

>        v.                                     11-5156
>                                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:        Alexander Arandia, Forest Hills, New York.

FOR RESPONDENT:        Stuart F. Delery, Assistant Attorney General; Allen W. Hausman, Senior Litigation Counsel; Sharon M. Clay, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Teofilo Ortiz, a native and citizen of the Dominican Republic, seeks review of a November 15, 2011, order of the BIA denying his motion to reopen and reconsider. *In re Teofilo Ortiz*, No. A044 476 510 (B.I.A. Nov. 15, 2011). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We lack jurisdiction to review a final order of removal, including an order denying a motion to reopen and reconsider, issued against an alien, such as Ortiz, who was ordered removed by reason of having committed an offense related to a controlled substance. *See* 8 U.S.C. § 1252(a)(2)(C); *see also Santos-Salazar v. U.S. Dep't of Justice*, 400 F.3d 99, 102-03 (2d Cir. 2005); *Durant v. INS*, 393 F.3d 113, 115 (2d Cir. 2004). However, we retain jurisdiction to review colorable constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(D). Ortiz raises no colorable constitutional claims or questions of law in challenging the BIA's denial of his motion. *See Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40 (2d Cir. 2008).

2

It is undisputed that Ortiz's 2011 motion, filed eight years after the agency's removal order became final, was untimely. *See* 8 U.S.C. § 1229a(c)(6), (7). Because the untimely filing of Ortiz's motion was not excused by any statutory exception, *see* 8 U.S.C. § 1229a(c)(7)(C)(ii)-(iv), his motion "could only be considered upon exercise of the Agency's *sua sponte* authority." *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009); *see also* 8 C.F.R. § 1003.2(a). Such a decision is "entirely discretionary" and beyond the scope of our review. *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). Nevertheless, "where the Agency may have declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail, remand to the Agency for reconsideration in view of the correct law is appropriate." *Mahmood*, 570 F.3d at 469; *see also Aslam v. Mukasey*, 537 F.3d 110, 115 (2d Cir. 2008); 8 U.S.C. § 1252(a)(2)(D).

Here, there is no indication that the BIA misperceived the law in declining to reopen or reconsider. Indeed, as the BIA noted, contrary to Ortiz's argument, the Supreme Court's decision in *Lopez v. Gonzales*, 549 U.S. 47 (2006), had no bearing on Ortiz's inadmissibility. While *Lopez* addressed the issue of when a state conviction constitutes an aggravated

3

felony under the Immigration and Nationality Act, *see id.* at 53, 60, Ortiz was charged as subject to removal as an alien convicted of a law relating to a controlled substance, not an aggravated felony.

We decline to consider Ortiz's arguments regarding the departure bar, as the BIA did not apply that bar in his case. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DISMISSED. Ortiz's pending request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk

4