Hasan v. Barr

BIA
A031 209 522

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand twenty.

PRESENT:
> RALPH K. WINTER,
> RICHARD C. WESLEY,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

_____

KAZI ABUL HASAN,
> *Petitioner*,

v.                                                            17-2379

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONER:**          PAUL B. GROTAS, New York, NY.

**FOR RESPONDENT:**          AARON D. NELSON, Trial Attorney (Chad A. Readler, Acting Assistant Attorney General; Terri J. Scadron, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kazi Abul Hasan, a native and citizen of Bangladesh, seeks review of a July 25, 2017 decision of the BIA denying his motion to (1) reconsider dismissal of his appeal of the Immigration Judge's final order of removal, and (2) reopen his removal proceedings.   *In re Kazi Abul Hasan*, No. A 031 209 522 (BIA July 25, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, because Hasan has timely petitioned for review of the denial of a motion to reconsider and reopen, but not from the underlying decision for which reconsideration was sought, we may review only the denial of his motion.  *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89–90 (2d Cir. 2001). Our jurisdiction to review a final order of removal, including an order denying a

2

motion to reconsider and reopen, against an alien such as Hasan who is removable for a controlled substance offense is limited to constitutional claims and questions of law. *See* 8 U.S.C. §§ 1252(a)(2)(C), (D); *Santos-Salazar v. U.S. Dep't of Justice*, 400 F.3d 99, 103 (2d Cir. 2005) (providing that criminal jurisdictional bars apply equally to denials of motions to reconsider); *Durant v. U.S. INS*, 393 F.3d 113, 115 (2d Cir. 2004) (same for motions to reopen). We review constitutional claims and questions of law *de novo*. *Pierre v. Gonzales*, 502 F.3d 109, 113 (2d Cir. 2007). For jurisdiction to attach, however, such claims must be colorable. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–41 (2d Cir. 2008).

Motion to Reconsider

Hasan has not raised a colorable question of law or constitutional claim regarding the BIA's denial of reconsideration. "A motion for reconsideration is a request that the [BIA] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006) (internal quotation marks and citation omitted); *see also* 8 U.S.C. § 1229a(c)(6)(C) ("The motion shall specify the errors of law or fact in the previous order and shall be supported by pertinent authority."); 8 C.F.R. § 1003.2(b)(1) (same). The BIA

determined that Hasan's motion to reconsider did not identify any issue that was not considered in the BIA's January 2017 decision or any error of fact or law. Hasan has not raised a colorable question of law or constitutional claim challenging this BIA finding. *See Barco-Sandoval*, 516 F.3d at 40–41. Accordingly, we lack jurisdiction to review the denial of reconsideration. *See* 8 U.S.C. §§ 1252(a)(2)(C), (D); *Barco-Sandoval*, 516 F.3d at 40–41.

Motion to Reopen

"[A] motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." 8 U.S.C. § 1229a(c)(7)(B); 8 C.F.R. § 1003.2(c)(1). "A motion to reopen proceedings shall not be granted unless . . . that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94, 104 (1988) (finding that BIA may deny a motion to reopen if "the movant has not introduced previously unavailable, material evidence"). Ineffective assistance is a basis for reopening. *Iavorski v. U.S. INS*, 232 F.3d 124, 129 (2d Cir. 2000) ("[T]he vehicle commonly used to redress claims of ineffective assistance of counsel in deportation proceedings has been an administrative

4

motion to reopen proceedings."). To obtain reopening based on ineffective assistance of counsel, a movant must comply with the procedural requirements set out in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1998), and must show both that counsel's actions were unreasonable and that those actions caused prejudice. *See Debeatham v. Holder*, 602 F.3d 481, 484–85 (2d Cir. 2010); *Rashid v. Mukasey*, 533 F.3d 127, 131 (2d Cir. 2008).

Hasan has raised a colorable question of law sufficient to invoke our jurisdiction: whether the BIA's decision is without "rational explanation" and whether it overlooked evidence that he could not have previously submitted his waiver application because of ineffective assistance. The agency may commit legal error when its discretionary decision "was made without rational justification," *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006), and fact-finding may be flawed by an error of law when "facts important to [the discretionary] determination . . . have been totally overlooked and others have been seriously mischaracterized," *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).

Nonetheless, we find that the BIA did not abuse its discretion in denying Hasan's motion to reopen. On appeal to the BIA, Hasan, then represented by his son, moved to remand the case to the Immigration Judge on the basis that his

5

former counsel was ineffective. The BIA denied that motion, finding that Hasan failed to comply with *Lozada* and offered no evidence that he was prejudiced by his former counsel's actions. In his motion to reopen, Hasan again argued that his former counsel was ineffective, although this time he submitted evidence of what can arguably be considered *Lozada* compliance along with previously-existing evidence supporting his eligibility for relief. In denying this motion, the BIA noted that Hasan did not dispute that he had known he needed to file the appropriate application form and supporting evidence since approximately March 2012, yet pointed only to his "son's claimed lack of experience in immigration matters" to explain his failure to do so at any point prior, including in support of his motion to remand. App'x 3. Notably, Hasan does not argue that his *son* provided ineffective assistance before the BIA. Thus, we find that the BIA did not act unreasonably in concluding that, on these facts, Hasan was not entitled to a second bite at the apple. *See Jin Ming Liu*, 439 F.3d at 111 ("The BIA does not abuse its discretion by denying a motion to reconsider where the motion repeats arguments that the BIA has previously rejected."); *cf. Jian Yun Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 47 (2d Cir. 2005) ("[A]n alien who has failed to comply substantially with the *Lozada* requirements in her motion to reopen before the BIA

6

forfeits her ineffective assistance of counsel claim in this Court.").   Accordingly, the BIA did not abuse its discretion in denying Hasan's motion to reopen.

For the foregoing reasons, the petition for review is DENIED, and Hasan's motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court