06-3172-ag
Osorio-Pedreros v. Gonzales

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

_____

August Term, 2006

(Submitted: June 14, 2007                    Decided: October 3, 2007)

Docket No. 06-3172-ag

_____

CARLOS-HUMBERTO OSARIO PEDREROS,

*Petitioner*,

– v. –

PETER D. KEISLER,[*] ATTORNEY GENERAL,

*Respondent*.

_____

Before: LEVAL, CALABRESI, and GIBSON,[**] *Circuit Judges*.

Petition for review of a decision of the Board of Immigration Appeals' refusal to grant a continuance of Petitioner's removal proceedings pending an appeal to the BIA of the District Director's denial of an I-130 immigrant visa petition filed on Petitioner's behalf. The petition for

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales.

[**] The Honorable John R. Gibson, United States Court of Appeals for the Eighth Circuit, sitting by designation.

review is DENIED.

LILA SLJIVAR, Wilens & Baker, New York, N.Y., *for Petitioner.*

KEVIN M. MULCAHY, Assistant United States Attorney, *for* Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Detroit, Mich., *for Respondent.*

PER CURIAM:

Petitioner Carlos Humberto Osorio-Pedreros ("petitioner" or "Osorio-Pedreros"), a native and citizen of Colombia, petitions for review of the BIA's and IJ's refusal to grant a continuance of his removal proceedings pending an appeal to the BIA of the District Director's denial of an I-130 immigrant visa petition filed on Osorio-Pedreros' behalf. The BIA concluded that the petitioner offered no meaningful argument as to his likelihood of success on appeal of the denial of the I-130 petition and, on this basis, affirmed the IJ's decision. As the BIA was within its discretion in denying the continuance on this ground, the petition for review is denied.

BACKGROUND

Osorio-Pedreros entered the United States without inspection in 1985 and was ordered deported *in abstentia* in 1986. The petitioner never left the country, and in 1997, he married an American citizen. Shortly thereafter Osorio-Pedreros's wife filed an I-130 immigrant visa petition on his behalf, and Osorio-Pedreros concurrently filed an application to adjust his status to lawful permanent resident based on his marriage to an American citizen.

While these applications were pending, Osorio-Pedreros filed successful motions to reopen the deportation proceedings against him and to transfer the proceedings to New York. In the reopened proceedings, Osorio-Pedreros conceded deportability, and sought no relief except adjustment of status pursuant to 8 U.S.C. § 1255(i) and, in the alternative, voluntary departure. The IJ continued the removal proceedings on multiple occasions over two years in order to give the immigration authorities an opportunity to adjudicate the I-130 petition.

In September 2004, the Citizenship and Immigration Services District Director denied the immigrant visa petition filed on Osorio-Pedreros' behalf. The District Director concluded that Osorio-Pedreros and his wife had not provided sufficient evidence to establish that there was a *bona fide* marriage and that discrepancies in the couple's answers during the *Stokes* interview made the *bona fides* of their marriage "doubtful." Osorio-Pedreros timely appealed this decision to the BIA (the "I-130 appeal").

Subsequently the IJ declined to continue the removal proceedings and ordered the petitioner deported.[1] The IJ explained that while the removal proceedings were properly continued while the I-130 petition was pending in front of the District Director, he believed it was inappropriate to adjourn the removal proceedings once the District Director had denied the petition even though Osorio-Pedreros was appealing that decision to the BIA.

Osorio-Pedreros appealed the IJ's decision to the BIA (the "continuance appeal"). Before considering the separately filed I-130 appeal, the BIA affirmed the IJ's decision, finding that the conclusion that there was no good cause for a continuance was "fully supported by the record and in conformity with general principles of discretion." The BIA, however, did not base its holding

---

[1]The IJ also denied voluntary departure, a decision which the petitioner has not appealed.

solely on the District Director's denial of the I-130 petition. Rather, the BIA also relied on its finding that while Osorio-Pedreros had made conclusory allegations that the District Director's report contained errors, he had not presented "any evidence" challenging the District Director's analysis and detailed summary of the *Stokes* interview and thus had "failed to support his assertion that the adverse finding was incorrect in any substantial way."

Osorio-Pedreros timely filed a petition for review.

DISCUSSION

Under the immigration regulations, an IJ may grant a motion for a "reasonable" adjournment, or a continuance, for "good cause shown." 8 C.F.R. §§ 1003.29, 1240.45. We review the agency's denial of a continuance for abuse of discretion. *Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006) (per curiam); *see also Morgan v. Gonzales*, 445 F.3d 549, 551-552 (2d Cir. 2006). An IJ abuses his discretion in denying a continuance if "'(1) [his] decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) [his] decision - though not necessarily the product of a legal error or a clearly erroneous factual finding - cannot be located within the range of permissible decisions.'" *Morgan*, 445 F.3d at 551-52 (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)) (alterations in original).

Under 8 U.S.C. § 1255(i), an alien who entered the United States without inspection may apply to the Attorney General for the adjustment of his status to that of "an alien lawfully admitted for permanent residence" if he is the beneficiary of an immigrant visa petition filed on his behalf before April 30, 2001. *Id.*

-4-

It is a matter of long-standing and express BIA policy that, as a general matter, an alien is entitled to a continuance of removal proceedings against him while a "prima facie approvable" I-130 immigrant visa petition is pending in front of the District Director. *In re Garcia*, 16 I & N Dec. 653, 656-7 (BIA 1978); *see also Hassan v. INS*, 110 F.3d 490, 492-493 (7th Cir. 1997) ("[A]n alien is generally entitled to the favorable exercise of an IJ's discretion regarding a request for a continuance where the District Director has not yet adjudicated a prima facie approvable visa petition and adjustment of status application."); *Bull v. INS*, 790 F.2d 869, 872 (11th. Cir. 1986) (holding that "the fact that [a] petition for an immigrant visa had not yet been approved at the time that [the petitioner] requested a continuance [is] not, in and of itself, sufficient reason to deny the continuance."). The instant case is not, however, directly covered by the *Garcia* policy as Osorio-Pedreros' petition is no longer pending in front of the District Director.

Nor is our holding in *Morgan*, 445 F.3d 549, controlling in the factual circumstances of the instant case. In *Morgan*, we held that the IJ did not abuse his discretion when he denied a continuance pending the adjudication of a petitioner's second I-130 petition before the District Director, given that the petitioner's first I-130 petition, based on a marriage to the same woman, had already been denied for lack of *bona fides*. *Id.* at 552. In *Morgan*, the petitioner had not appealed the denial of the first I-130 petition, and thus the District Director's determination that the marriage lacked *bona fides* was the ultimate determination of the issue. In the instant case, the agency as a whole has made no equivalent final determination of the *bona fides* of the petitioner's marriage: the District Director's initial determination is still actively pending review by the BIA.

We are thus faced with a question of first impression in this Circuit—whether the agency abuses its discretion in not granting a continuance when a petitioner's I-130 petition has been denied by the District Director but an appeal of that decision is still pending in front of the BIA. We need not, however, decide the perhaps difficult question of whether in such a circumstance it would be an abuse of discretion to deny a continuance on the *sole* ground that the District Director had denied the petition, given the possibility that the BIA may overturn the District Director's decision. Here, the BIA clearly grounded its holding not only on the fact that the District Director had denied the I-130 petition, but also on its finding, fully supported by the record, that Osorio-Pedreros had failed to provide *any* meaningful argument or evidence as to why the District Director's decision was erroneous.[2] And when the BIA bases its ruling on grounds different than the IJ, we review the opinion of the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

The agency's refusal to grant a continuance was not an abuse of discretion. Under the BIA's policy, the mandated granting of continuances is limited to situations in which the pending immigration visa is "*prima facie* approvable." *In re Garcia*, 16 I & N Dec. at 656-57. Additionally, the BIA has stated that "[i]t clearly would not be an abuse of discretion for the immigration judge to summarily deny a request for a continuance or a motion to reopen upon his

---

[2] In front of the BIA, Osorio-Pedreros argued that his ability to point out the errors in the District Director's decision was hindered by the agency's failure to provide transcripts of the *Stokes* interview despite his request for them. We need not consider here, however, whether the agency's failure to provide transcripts of the *Stokes* interview should excuse Osorio-Pedreros' lack of argument because Osorio-Pedreros has not renewed this line of argument to us. Accordingly, it has been abandoned. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 542 n.1 (2d Cir. 2005). In any event, the BIA was probably correct that the detailed summary of the interview to which Osorio-Pedreros did have access should have enabled the petitioner to at least make *some* arguments as to why the Director's conclusion was erroneous.

determination that the visa petition is frivolous or that the adjustment application would be denied on statutory grounds or in the exercise of discretion notwithstanding the approval of the petition." *Id.*

As other circuits have concluded, we find no basis for obligating the agency to grant continuances pending adjudication of an immigrant visa petition when there is a reliable basis to conclude that the visa petition or the adjustment of status will ultimately be denied. *See, e.g.,* *Oluyemi v. INS*, 902 F.2d 1032, 1033 (1st Cir. 1990) (holding that there was "nothing unlawful about the immigration judge's decision not to permit the petitioner to stay in this country pending the outcome of his wife's visa request" when the "likelihood that the INS will grant that request is very small" given that the petitioner was probably precluded under the statute from obtaining a visa); *Bull*, 790 F.2d at 872 ("[The] denial of the request for a continuance based upon the conclusion that Bull's guilty plea ma[de] him statutorily ineligible for adjustment of status would not be an abuse of discretion were that conclusion correct.").

While Osorio-Pedreros' marriage to an American citizen may well have been sufficient initially to establish a *prima facie* case of eligibility for a visa petition and therefore for adjustment of status, once the District Director denied the petition on the grounds that the marriage lacked *bona fides*, that *prima facie* case had been rebutted. And in the absence of *some* evidence or argument by Osorio-Pedreros as to why the District Director's decision was incorrect, the agency had no basis to conclude that the denial of the I-130 petition had any

likelihood of being overturned on appeal.[3] Accordingly, we cannot say the BIA abused its discretion in upholding the IJ's denial of a further continuance in the case before us.

Petitioner also argues to this Court that the BIA erred in failing to adjudicate the separate, but co-pending I-130 appeal prior to deciding the continuance appeal that is the subject of the instant petition for review. We decline to reach this issue here, however, as it was not raised before the agency. At no time did Osorio-Pedreros request that the BIA consolidate the two cases, nor did he argue to the BIA that it should decide the I-130 appeal before considering the appeal of the denial of the continuance. Accordingly, the issue is waived. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 123 (2d Cir. 2007), *reh'g denied* 489 F.3d 126, 127 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

---

[3] Osorio-Pedreros has also failed to make any showing to this court that would substantiate his claim that the District Director's decision was in error. Nor is any error obvious on the face of the District Director's opinion.