SUMMARY ORDER
Petitioner Liders Porras, a native and citizen of Bolivia, petitions for review of a March 24, 2008, BIA decision, No. A74-911-641, denying Porras’s motion to remand, and affirming the decision of an IJ dated September 26, 2006, denying his application for cancellation of removal under section 241(b)(1) of the Immigration and Nationality Act, (“INA”) 8 U.S.C. § 1229b(b)(l) and his request for a continuance in order to pursue adjustment of his status under section 245 of the INA, 8 U.S.C. § 1255. We assume the parties’ familiarity with the facts and procedural history of this case, and the issues presented by this petition.
We have held that “[obtaining either adjustment of status or cancellation of removal is a two-step process. First, an alien must prove eligibility showing that he meets the statutory eligibility requirements. Second, assuming an alien satisfies the statutory requirements, the Attorney General in his discretion decides whether to grant or deny relief.” Rodriguez v. Gonzales, 451 F.3d 60, 62 (2d Cir. 2006) (per curiam) (citations omitted). We have no jurisdiction to review an IJ’s discretionary determination regarding either cancellation of removal or adjustment of status. See 8 U.S.C. § 1252(a)(2)(B); see also Rodriguez, 451 F.3d at 62; Sepulveda v. Gonzales, 407 F.3d 59, 62-63 (2d Cir. 2005).
In order to demonstrate eligibility for cancellation of removal, an alien must show, inter alia, that his “removal would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child, who is a citizen of the United States....” 8 U.S.C. § 1229b(b)(l)(D). We have held that the determination of whether exceptional and extremely unusual hardship is present for the purpose of cancellation of removal is committed to the discretion of the Attorney General, and that, accordingly, we have no jurisdiction to review such a determination. Barco-Sandoval v. Gonzales, 516 F.3d 35, 38-40 (2d Cir.2008); see also De La Vega v. Gonzales, 436 F.3d 141, 144 (2d Cir.2006).
The IJ denied Porras’s application for cancellation of removal because he determined that Porras’s United States-citizen children would not suffer the requisite exceptional and extremely unusual hardship to grant him cancellation of removal. Because this is a discretionary decision, we have no jurisdiction to review it. See Bar-co-Sandoval, 516 F.3d at 38-40.
Even if we viewed Porras’s petition as presenting a question of law, we would still lack jurisdiction as Porras’s contention is frivolous. See id. at 40. Porras argues that the IJ applied an incorrect legal standard by relying on the BIA’s analysis in In re Monreal-Aguinaga, 23 I. & N. Dec. 56 (BIA 2001), which he argues has been replaced with a less stringent standard in In re Gonzalez Recinas, 23 I. & N. Dee. 467 (BIA 2002). But the IJ’s finding was consistent with both Reciñas and Monreal in finding that Porras has failed to show adequate hardship. See Barco-Sandoval, 516 F.3d at 40-41 (rejecting as “not even reaching] the level of being colorable” the assertion that Gonzalez Reciñas constituted a departure from, rather than an application of, Monreal-Aguinaga).
The IJ also denied Porras’s motion for a continuance in order to apply for adjustment of status. The IJ stated that he would deny the application for adjustment of status, inter alia, in the exercise of his discretion, apparently based on views the IJ had about the potentially fraudulent nature of Porras’s first marriage. He therefore denied the motion for *712 a continuance. We have found “no basis for obligating the agency to grant continuances pending adjudication of an immigrant visa petition when there is a reliable basis to conclude that the visa petition or the adjustment of status will ultimately be denied.” Pedreros v. Keisler, 503 F.3d 162, 166 (2d Cir.2007). Because the IJ would have denied the application for adjustment of status even if the continuance had been granted, the BIA did not err in upholding the IJ’s denial of the motion for a continuance.
Similarly, the BIA was not required to grant the motion to remand to the IJ based on Porras’s attaining a viable visa priority date in support of his application for adjustment of status. The IJ made it clear that he would have denied the application for adjustment of status on the basis of his discretion in any event.
Porras argues that the IJ erred by finding — without the full record needed to make a proper determination' — that Porras engaged in marriage fraud. But the IJ did not err in relying on his understandable doubts about the nature of Porras’s first marriage in deciding that he would not exercise his discretion to grant Por-ras’s adjustment of status.
Because the denial of cancellation of removal was based on a finding that there was no exceptional or extremely unusual hardship, we have no jurisdiction to review this finding, and dismiss the petition, in relevant part. Because the denial of the motion for a continuance was based on the IJ’s determination that if the continuance were granted, the application for adjustment of status would be denied in the exercise of discretion, we deny the petition for review, in relevant part. Similarly, because the BIA did not err in declining to grant a motion to remand the case to the IJ to determine adjustment of status, because the IJ would have denied the application, we deny the petition, in relevant part.
For the foregoing reasons, the petition for review of the order of the BIA is hereby DISMISSED in part, and DENIED in part. Having completed our review, the petitioner’s pending motion for a stay of removal is DISMISSED as moot.