682

Sania MATHAKUTHA, Petitioner,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, United States Department of Justice, Respondents.

Nos. 07–5351–ag, 09–1108–ag.

United States Court of Appeals, Second Circuit.

Oct. 1, 2009.

Gregory C. Osakwe, Hartford, CT, for Petitioner.

Tony West, Assistant Attorney General, Civil Division, Richard M. Evans, Assistant Director, Virginia Lum, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. for Respondents.

PRESENT: PIERRE N. LEVAL, REENA RAGGI, Circuit Judges and JOHN GLEESON, District Judge.*

## SUMMARY ORDER

Petitioner Sania Mathakutha, a native and citizen of South Africa, seeks review of

* District Judge John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation.

the November 2, 2007 order of the BIA, which affirmed the March 21, 2006 decision of Immigration Judge ("IJ") Michael W. Straus denying her request for a continuance, but granting voluntary departure. *In re Sania Mathakutha,* No. A98 038 703 (B.I.A. Nov. 2, 2007), *aff'g* No. A98 038 703 (Immig. Ct. N.Y. City Mar. 21, 2006). Mathakutha also seeks review of the February 18, 2009 order of the BIA denying her motion to reopen. *In re Sania Mathakutha,* No. A98 038 703 (B.I.A. Feb. 18, 2009). We review the denial of a motion for continuance and the denial of a motion to reopen for abuse of discretion. *See Rajah v. Mukasey,* 544 F.3d 449, 453 (2d Cir.2008); *Wei Guang Wang v. BIA,* 437 F.3d 270, 273 (2d Cir.2006). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

 Because Mathakutha does not specifically challenge the denial of her motion for a continuance in her brief on appeal, we deem that argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

■ Mathakutha argues that the BIA abused its discretion in refusing to reopen her proceedings to consider her eligibility for adjustment of status. We identify no abuse of discretion where (1) the motion to reopen was filed more than one year after entry of the agency's final order of remov-

al and was, thus, time-barred (a fact that petitioner does not contest), *see* 8 U.S.C. § 1229a(c)(7)(c), and (2) Mathakutha failed to depart during the voluntary departure period, *see Matter of Velarde–Pacheco,* 23 I. & N. Dec. 253, 256 (B.I.A.2002); *cf. Singh v. Gonzales,* 468 F.3d 135, 139 (2d Cir.2006).[1]

We have considered Mathakutha's other arguments and conclude that they are without merit. Accordingly, the petition for review is DENIED.

---

1. We note further that Mathakutha failed both to apply for adjustment of status and to show an approved I–130 visa, *cf. Huarcaya v. Mukasey,* 550 F.3d 224, 230 (2d Cir.2008); *Pedreros v. Keisler,* 503 F.3d 162, 165 (2d Cir. 2007), but this point was not addressed by the BIA.

