Mir v. Holder

BIA
Burr, IJ
A 095 963 557

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 26th day of March, two thousand ten.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges*.

_____

ZULFIQAR MURTAZA MIR,
> *Petitioner*,

v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

09-1849-ag

NAC

FOR PETITIONER:           Usman B. Ahmad, Long Island City,
                          New York.

FOR RESPONDENT:           Tony West, Assistant Attorney
                          General, Civil Division; Francis W.
                          Fraser, Senior Litigation Counsel;
                          Kate D. Balaban, Trial Attorney,
                          Office of Immigration Litigation,
                          Civil Division, United States
                          Department of Justice, Washington,
                          D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Zulfiqar Murtaza Mir, a native and citizen of Pakistan, seeks review of an April 20, 2009, order of the BIA affirming Immigration Judge ("IJ") Sarah M. Burr's March 12, 2008, decision denying his motion for a continuance and ordering him removed to Pakistan.[1] *In re Zulfiqar Murtaza Mir,* No. A 095 963 557 (B.I.A. Apr. 20, 2009); *aff'g* No. A 095 963 557 (Immig. Ct. N.Y. City Mar. 12, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in affirming the IJ's denial of Mir's motion for a continuance. *See Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir. 2006). An agency does not abuse its discretion in denying a petitioner's motion for a continuance while his I-130 petition is pending on appeal before the BIA when there is a "reliable basis to

_____

[1] The BIA's April 2009 order also affirmed IJ Burr's December 2004 order denying Mir's application for asylum, withholding of removal, and CAT relief. Mir does not challenge that aspect of the BIA's decision.

2

conclude" that the petition will "ultimately be denied." *Pedreros v. Keisler*, 503 F.3d 162, 166 (2d Cir. 2007). Here, the BIA found that Mir presented no evidence that the Department of Homeland Security incorrectly denied his I-130 petition aside from "mere argument[s]" disagreeing with that decision. The BIA noted that the denial was based on twelve inconsistencies between Mir's testimony and that of his wife during their *Stokes* interview. *See Morgan v. Gonzales*, 445 F.3d 549, 550 n.1 (2d Cir. 2006). Although Mir provided explanations for these discrepancies in his motion, the BIA found that they were insufficient to reconcile the "glaring inconsistencies" identified during the interview.

The agency has broad discretion to grant or deny continuances. *See Morgan* 445 F.3d at 551. We cannot say that the BIA abused that discretion in this case. *See Pedreros*, 503 F.3d at 166. For the same reasons, the BIA did not violate Mir's due process rights. *See id.*[2]

---

[2] Nor does *Matter of Hashmi*, 25 I. & N. Dec. 785 (B.I.A. 2009) require remand. There, the BIA emphasized that, while many factors are relevant to the IJ's continuance decision, "the focus of the inquiry is the apparent ultimate likelihood of success on the adjustment application." *Id*. At 790. Here, before *Hashmi* was decided, the IJ and the BIA effectively concluded that, in light of the district director's decision, Mir's application was unlikely to succeed. Accordingly, we

3

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

identify no abuse of discretion.