09-4255-ag
Zheng v. Holder

BIA
A070 907 042

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of July, two thousand ten.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> JOSÉ A. CABRANES,
> > *Circuit Judges*.

————————————————————————————

HUA RUI ZHENG,
> *Petitioner*,

> v.                                    09-4255-ag
>                                       NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

————————————————————————————

FOR PETITIONER:          G. Victoria Calle, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Jennifer Levings, Senior Litigation Counsel; Carmel A. Morgan, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a

Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Hua Rui Zheng, a native and citizen of the People's Republic of China, seeks review of the September 17, 2009, order of the BIA denying his motion to reopen. *In re Hua Rui Zheng*, No. A070 907 042 (B.I.A. Sept. 17, 2009). We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Zheng's motion to reopen as untimely and number-barred. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). A motion to reopen must generally be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceedings sought to be reopened and only one such motion may be filed. 8 C.F.R. § 1003.2(c)(2). There is no dispute that Zheng's second motion to reopen, filed in March 2009, was numerically barred and untimely. *See id.*

Zheng's argument that a change in applicable law excused the untimely filing of his motion, in reliance on 8 C.F.R.

§ 1208.4(a)(4)(i), is misplaced, insofar as that provision has no bearing on motions to reopen. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 151-52 (2d Cir. 2008). Similarly, Zheng's citation to *Pedreros v. Keisler*, 503 F.3d 162, 165 (2d Cir. 2007), is inapposite because, in that case, the petitioner sought adjustment of status while his removal proceedings were pending. Here, in contrast, the BIA issued a final order of removal more than five years before Zheng took any steps toward adjusting his status, and the BIA denied his motion based on its reasonable determination that he had not demonstrated that any statutory or regulatory exceptions excused the untimely and number-barred filing of his motion. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Moreover, contrary to Zheng's arguments, our decision in *Sheng Gao Ni v. BIA*, 520 F.3d 125 (2d Cir. 2008), does not require reopening here because the BIA did not deny his motion to reopen on jurisdictional grounds, but based on the time and number limits found in the agency's regulations. *See* 8 C.F.R. § 1003.2(c)(2).

As Zheng acknowledges, we lack jurisdiction to review the BIA's discretionary decision not to reopen his proceedings *sua sponte*. *See Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir.

2006).  Although we retain jurisdiction to consider an argument that the agency declined to exercise its *sua sponte* authority because it misperceived the law, *see Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), Zheng contends only that it is " not clear" whether the BIA's decision was predicated on flawed factual findings.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
