11-120-ag
Salto v. Holder

BIA
Weisel, IJ
A099 358 092
A099 358 093
A099 358 094

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
>
> *Circuit Judges.*

_____

ANGEL ROMAN SALTO, a.k.a. ANGEL ROMAN SALTO LEMA, TRANCITO DE JESUS SALTO, a.k.a. TRANCITO DE JESUS CHABLA, ANGEL JONATHAN SALTO, a.k.a. ANGEL JONATHAN SALTO CHABLA,

> *Petitioners,*

> v.                                                        11-120-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:**                    Judy Resnick, Far Rockaway, NY.

**FOR RESPONDENT:** Matthew B. George, Trial Attorney, Office of Immigration Litigation (Derek C. Julius, Senior Litigation Counsel, Office of Immigration Litigation, Tony West, Assistant Attorney General, *on the brief*), United States Department of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, **AND DECREED**, that the petition for review is **DENIED**.

Petitioners, natives and citizens of Ecuador, seek review of a December, 16, 2010, order of the BIA, affirming the February 27, 2009, decision of an Immigration Judge ("IJ") which denied their request for a continuance and ordered them removed. *In re Salto*, Nos. A099 358 092/093/094 (B.I.A. Dec. 16, 2010), *aff'g* Nos. A099 358 092/093/094 (Immig. Ct. N.Y. City Feb. 27, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). We review the agency's denial of a continuance for abuse of discretion. *See Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir. 2006); *Singh v. U.S. Dep't of Homeland Sec.*, 526 F.3d 72, 80-81 (2d Cir. 2008).

The regulations provide that an IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. Although the regulations do not define what may constitute "good cause," we accord deference to the BIA's interpretations of its own regulations "unless plainly erroneous or inconsistent with the regulation." *Perriello v. Napolitano*, 579 F.3d 135, 138 (2d Cir. 2009) (citing *Auer v. Robbins*, 519 U.S. 452, 461 (1997)).

Here, the BIA correctly observed that U.S. Citizenship and Immigration Services ("USCIS") had considered and denied the lead Petitioner's original I-140 visa petition, his motion to reopen and reconsider, and his administrative appeal. Moreover, the IJ noted the lead Petitioner's concession, through counsel, that he did not have evidence of his employer's ability to pay, which was the basis for USCIS's denial of the I-140 visa petition. In light of these facts, the IJ did not abuse his discretion in denying Petitioners' request for a continuance. *See Pedreros v. Keisler*, 503 F.3d 162, 165 (2d Cir. 2007); *Morgan v. Gonzales*, 445 F.3d 549, 552 (2d Cir. 2006).

Petitioners argue that their right to due process was violated because U.S. Immigration and Customs Enforcement ("ICE") received the USCIS's December 2008 decision denying the visa

2

petition before they did, and was able to "spring" it upon them at their December 2008 hearing. As the Government counters, however, at the December 2008 hearing the IJ in fact granted Petitioners a two-month continuance. Likewise, although Petitioners assert that the IJ was "not wholly neutral," they provide no support for this allegation, other than the fact that the IJ ultimately denied their request for a continuance. In sum, because there is no indication that Petitioners were denied a "'full and fair opportunity to present [their] claims,'" their due process argument is without basis. *Morgan*, 445 F.3d at 552 (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir. 2006)).

## Conclusion

For the foregoing reasons, the petition for review is **DENIED**. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3