13-629
Santos v. Holder

BIA
Straus, IJ
A079 719 022

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand fourteen.

PRESENT:
BARRINGTON D. PARKER,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

JOE SANTOS,
*Petitioner,*

v.                                          13-629

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Elyssa Williams, D. Wade Luckett,
                         Formica Williams, P.C., New Haven,
                         Connecticut.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; Emily Anne Radford,
                         Assistant Director; Craig A. Newell,
                         Jr., Trial Attorney, Office of

**Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Joe Santos, a native and citizen of the Dominican Republic, seeks review of a January 25, 2013, order of the BIA, affirming the June 13, 2011, decision of an Immigration Judge ("IJ"), which denied his request for a continuance, denied his request for further review of an I-751 good faith marriage waiver, and ordered him removed. In re Joe Santos, No. A079 719 022 (B.I.A. Jan. 25, 2013), aff'g No. A079 719 022 (Immig. Ct. Hartford June 13, 2011). On appeal, Santos challenges the agency's decision to deny his I-751 good faith marriage waiver, and argues that the agency abused its discretion in denying his motion for a continuance while Gloria Mercado, his current wife, challenges the denial of an I-130 visa petition she has filed on his behalf. We review these challenges seriatim, and assume the parties' familiarity with the underlying facts and procedural history of this petition.

<u>Denial of Marriage Waiver</u>

Congress has conferred "sole discretion" to the agency to decide whether to grant a hardship waiver to an eligible petitioner and to determine "what evidence is credible and the weight to be given that evidence," in determining a petitioner's eligibility. 8 U.S.C. § 1186(c)(4); <u>Contreras-Salinas v. Holder</u>, 585 F.3d 710, 713-14 (2d Cir. 2009). We lack jurisdiction to review these purely discretionary decisions unless they raise questions of law or constitutional claims. <u>See</u> 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(a)(2)(D).

Santos argues that the agency erred as a matter of law in reviewing his I-751 marriage waiver petition by "failing to balance the equities . . . and only weigh[ing] the negative factors" and by failing to properly weigh the evidence provided. Pet. Br. at 21. These arguments do not concern any legal question, but rather the "ultimate decision whether to grant relief" and "what evidence is credible and the weight to be given that evidence," both of which are entrusted to the discretion of the agency by statute and thus are not subject to review by this Court. <u>Atsilov v. Gonzales</u>, 468 F.3d 112, 116 (2d Cir. 2006); <u>see</u>

3

also <u>Contreras-Salinas</u>, 585 F.3d at 713-14.  Accordingly, we dismiss this portion of Santos's petition for review.

<u>Denial of Continuance</u>

We review the agency's decision to grant or deny a continuance for abuse of discretion.  <u>Sanusi v. Gonzales</u>, 445 F.3d 193, 198-99 (2d Cir. 2006).  While it is established agency policy that "an alien is entitled to a continuance of removal proceedings against him while a <u>prima facie</u> approvable I-130 immigrant visa petition is pending in front of the District Director," where, as here, an I-130 petition has been denied by the District Director and there is a "reliable basis to conclude that the visa petition . . . will ultimately be denied," the I-130 petition no longer establishes a prima facie case of eligibility.  <u>Pedreros v. Keisler</u>, 503 F.3d 162, 165-66 (2d Cir. 2007) (internal quotation marks removed).  Once such a "reliable basis" for concluding the petition will be denied has been found, the agency does not abuse its discretion in denying a continuance, even if an appeal of the initial denial is pending before the BIA.  <u>Id</u>.

The District Director denied Mercado's I-130 petition on Santos's behalf because of, inter alia, substantive discrepancies and omissions in the petition and the agency's

4

determination that the petition did not adequately demonstrate a bona fide marriage. Consequently, the agency reasonably found that the District Director's "very thorough denial of the visa petition" provided a reliable basis to believe that the I-130 petition would ultimately be denied and, despite Mercado's efforts to appeal that denial, the agency did not abuse its discretion in denying a continuance.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, Santos's pending motion for a stay of removal is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5