14-4386
Galarza-Arias v. Lynch

BIA
Verillo, IJ
A087 760 380

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of December, two thousand fifteen.

PRESENT:
>        DENNIS JACOBS,
>        PIERRE N. LEVAL,
>        GUIDO CALABRESI,
>              *Circuit Judges.*

_____

CARLOS JAVIER GALARZA-ARIAS,
>        *Petitioner,*

>        v.                                            14-4386

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:             James A. Welcome, Waterbury,
                            Connecticut.

FOR RESPONDENT:             Benjamin C. Mizer, Principal Deputy
                            Assistant Attorney General; Nancy
                            Friedman, Senior Litigation Counsel;
                            Sharon M. Clay, Trial Attorney, Office
                            of Immigration Litigation, United
                            States Department of Justice,
                            Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos Javier Galarza-Arias, a native and citizen of Ecuador, seeks review of an October 30, 2014, decision of the BIA affirming the June 27, 2013, decision of an Immigration Judge ("IJ"), denying his motion for another continuance (he had already received several) and ordering him removed. *In re Carlos Javier Galarza-Arias*, No. A087 760 380 (B.I.A. Oct. 30, 2014), *aff'g* No. A087 760 380 (Immig. Hartford Jun. 27, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The IJ's denial of a request for a continuance is reviewed "under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and "abuse[s] his discretion in denying a continuance if (1) his decision rests on an error of law (such as the application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision--though not necessarily the product of a legal error or a clearly erroneous factual finding--cannot be located within the range of permissible

decisions," *Morgan*, 445 F.3d at 551-52 (internal quotation marks, brackets, and citation omitted). The IJ did not abuse discretion in denying Galarza-Arias a continuance to appeal the denial of his petition for Special Immigrant Juvenile Status ("SIJS").

The IJ considered the factors set forth in *Matter of Hashmi*, 24 I. & N. Dec. 785, 790 (B.I.A. 2009), as required. *See Flores v. Holder*, 779 F.3d 159, 164 (2d Cir. 2015). Further, the agency was permitted to rely solely on the denial of the underlying SIJS petition to decline to continue proceedings because, when the BIA affirmed the IJ's decision, Galarza-Arias had not appealed the underlying denial, despite having had more than a year to do so. *See Pedreros v. Keisler*, 503 F.3d 162, 165 (2d Cir. 2007) (per curiam).

Galarza-Arias's due process claim fails because, as the BIA noted, he has not demonstrated that he suffered any prejudice. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008). He has not appealed the denial of his SIJS petition, which was the purpose of the requested continuance.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3