16-396-ag
*Ankomah-Damoah v. Sessions*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of **March,** two thousand seventeen.

PRESENT:   JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                   *Circuit Judges.*
           WILLIAM K. SESSIONS III,*
                   *District Judge.*

---

NANA ANKOMAH-DAMOAH,

        *Petitioner,*                          16-396-ag

        v.

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

        *Respondent.*

---

FOR PETITIONER:        JUSTIN CONLON, Hartford, CT.

FOR RESPONDENT:        BENJAMIN J. ZEITLIN  (Benjamin C.
                       Mizer, Justin Markel, *on the brief*), Office of

---

* William K. Sessions III, Judge of the United States District Court for the District of Vermont, sitting by designation.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Nana Ankomah-Damoah, a citizen of Ghana, seeks review of a January 12, 2016 decision of the BIA affirming the December 16, 2014 decision of an Immigration Judge ("IJ") denying his motion to continue his removal proceedings. *In re Nana Ankomah-Damoah,* No. A096 408 818 (BIA Jan. 12, 2016), *aff'g* No. A096 408 818 (Immig. Ct. Hartford Dec. 16, 2014). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. "[W]e have jurisdiction to review an IJ's denial of a continuance, and . . . we conduct that review under a highly deferential standard of abuse of discretion." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). An IJ abuses his discretion "in denying a continuance if (1) his decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Id.* at 551-52 (internal quotation marks and brackets omitted).

Upon review of the IJ's decision and the administrative record, we find no abuse of discretion in the IJ's denial of a continuance. The agency considered the factors set forth in *In re Hashmi*, 24 I. & N. Dec. 785, 790 (BIA 2009), and correctly concluded that: (1) the government opposed the request for a continuance; (2) the underlying visa petition was not prima facie approvable because the U.S. Citizenship and Immigration Services had twice denied it; (3) Ankomah-Damoah would only be statutorily eligible to adjust status if the visa petition had been approved; and (4) his proceedings had been continued for ten years while the visa petition was pending. *See Hashmi*, 24 I. & N. Dec. at 794 ("[A] history of continuances being granted by the [IJ] for the adjudication of a pending [petition], coupled with other relevant factors, may support a decision to move forward with the case."); *see also Pedreros v. Keisler,* 503 F.3d 162, 166 (2d Cir. 2007) ("[W]e find no basis for obligating the agency to grant continuances pending adjudication of an immigrant visa petition when there is a reliable basis to conclude that the visa petition or the adjustment of status will ultimately be denied."). Given that the agency appropriately considered the relevant factors for deciding a continuance, it did not abuse its discretion in denying a continuance. *See Morgan*, 445 F.3d at 551-52; *see also Pedreros*, 503 F.3d at 166.

Even assuming that the IJ erred, the petition fails to identify any *prejudicial* error. Ankomah-Damoah essentially argues that the IJ should have granted a continuance until his visa petition

appeal was ruled on by the BIA. *See* Petitioner's Br. 16 (arguing that the IJ's decision "will likely be rejected by the Board in the visa petition appeal"). After the IJ's denial of a continuance, however, the BIA affirmed the denial of Ankomah-Damoah's visa application—as petitioner's brief elsewhere recognizes. *See id.* at 10. Thus, even assuming that the IJ acted too hastily, Ankomah-Damoah's petition fails due to "the general principle of futility—an error does not require a remand if the remand would be pointless because it is clear that the agency would adhere to its prior decision in the absence of error." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir. 2006).

## CONCLUSION

We have reviewed all of the arguments raised by Ankomah-Damoah and find them to be without merit. Accordingly, we **DENY** the petition for review.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3