19-855-ag
Alqudah v. Barr

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of May, two thousand twenty.

PRESENT:   PIERRE N. LEVAL,
                    RAYMOND J. LOHIER, JR.,
                    JOSEPH F. BIANCO,
                            *Circuit Judges*.

------------------------------------------------------------------
HUSSEIN MOHD KHAIR AHMED ALQUDAH,
AKA HUSSEIN MOHD KHAIR ALQUDAH,

　　　　*Petitioner*,

　　v.                                                      No. 19-855-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

　　　　*Respondent*.*

------------------------------------------------------------------

---

* The Clerk of Court is directed to amend the caption as set forth above.

FOR PETITIONER:                          Glenn L. Formica, Formica,
                                         P.C., New Haven, CT.

FOR RESPONDENT:                          Joseph H. Hunt, Assistant
                                         Attorney General, Anthony P.
                                         Nicastro, Assistant Director,
                                         Sabatino F. Leo, Senior
                                         Litigation Counsel, *for* Office
                                         of Immigration Litigation,
                                         United States Department of
                                         Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of

Immigration Appeals (BIA) decision, it is hereby ORDERED, ADJUDGED, AND

DECREED that the petition for review is DENIED.

Petitioner Hussein Mohd Khair Ahmed Alqudah, a native and citizen of

Jordan, seeks review of a March 18, 2019 decision of the BIA, which dismissed his

appeal of a November 28, 2017 decision of an Immigration Judge (IJ) denying his

motion for a continuance.   Alqudah argues that the agency erred in denying his

motion for a continuance because the IJ failed to credit certain evidence and the

BIA applied the wrong legal standards when evaluating the IJ's decision.   We

assume the parties' familiarity with the underlying facts and the record of prior

2

proceedings, to which we refer only as necessary to explain our decision to deny Alqudah's petition for review.

1. The IJ's Decision

"We review an IJ's refusal to grant a continuance for abuse of discretion." Rajah v. Mukasey, 544 F.3d 449, 453 (2d Cir. 2008). Alqudah contends that the IJ failed to "properly credit[] the serious illness of Mr. Alqudah's wife" when determining whether a continuance was warranted. Petitioner's Br. 9. But the IJ expressly "acknowledge[d] that [Alqudah's] wife apparently has some serious medical issues which [Alqudah] assists her with." Certified Admin. R. at 79. The IJ nonetheless declined to grant a continuance, applying the factors laid out by the BIA in Matter of Hashmi, 24 I. & N. Dec. 785 (B.I.A. 2009), and concluding that the underlying I-130 petition filed on Alqudah's behalf was not prima facie approvable. As we have previously held, an IJ's denial of a continuance while an I–130 visa petition is pending is not an abuse of discretion where "there is a reliable basis to conclude that the visa petition . . . will ultimately be denied." Pedreros v. Keisler, 503 F.3d 162, 166 (2d Cir. 2007). Alqudah has failed to rebut the IJ's implicit conclusion that approval of the I-130 petition was barred because

3

of Alqudah's prior fraudulent marriage. We therefore reject his challenge to the IJ's decision.

2. The BIA's Decision

Alqudah next argues that the BIA applied the wrong legal standards when reviewing the IJ's decision by: (1) relying on Matter of L-A-B-R-, 27 I. & N. Dec. 405 (A.G. 2018); and (2) "asserting that it cannot grant relief on the basis of humanitarian or equitable grounds." Petitioner's Br. 2 (quotation marks omitted). We decline to consider the first argument and reject the second. The BIA did not rely on Matter of L-A-B-R- as Alqudah contends. Instead the BIA stated that Alqudah failed to "establish good cause for a continuance" under the factors set forth in Matter of Hashmi. Certified Admin. R. at 3. And Alqudah fails to point to any binding authority requiring the BIA to issue the equitable, humanitarian relief that he seeks. Accordingly, we reject Alqudah's challenge to the BIA's decision.

We have considered Alqudah's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5