20-2095-ag
Khan v. Garland

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of September, two thousand twenty-two.

PRESENT:  REENA RAGGI,
　　　　　　 RICHARD C. WESLEY,
　　　　　　 RAYMOND J. LOHIER, JR.,
　　　　　　　　　 *Circuit Judges*.

-----------------------------------------------------------------

MOHAMMAD YOUSAF KHAN,

　　　　　　 *Petitioner*,

　　　v.　　　　　　　　　　　　　　　　　　　　　No. 20-2095-ag

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

　　　　　　 *Respondent*.

-----------------------------------------------------------------

FOR PETITIONER: Tejinder Bains, Ali and Bains, P.C., Forest Hills, NY

FOR RESPONDENT: Jaclyn G. Hagner, Attorney, Sabatino F. Leo, Assistant Director, Office of Immigration Litigation, *for* Brian Boynton, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mohammad Yousaf Khan, a native and citizen of Pakistan, seeks review of a June 3, 2020 decision of the BIA affirming a May 22, 2018 decision of an Immigration Judge ("IJ"), which denied his motion for a continuance and ordered removal.   See In re Mohammad Yousaf Khan, No. A079 125 980 (B.I.A. June 3, 2020), aff'g No. A079 125 980 (Immig. Ct. N.Y.C. May 22, 2018).   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to deny the petition.

Khan entered the United States unlawfully in 1998 and was placed in

removal proceedings in 2006. Over the following twelve years, he sought continuances of those proceedings based on, among other things, visa petitions filed on his behalf by his second and third wives, who were United States citizens.[1] As relevant here, in 2009 Khan's third wife filed a Form I-130 visa petition which, if approved, would have allowed Khan to apply for adjustment of his immigration status. In 2013 that petition was denied by the United States Citizenship and Immigration Services ("USCIS") for failure to establish a bona fide marriage, and Khan's appeal of the denial was summarily dismissed. The IJ then continued removal proceedings to allow Khan's third wife to refile the petition, which she did in 2015. Khan, however, failed to appear for interviews with USCIS. In 2018 the IJ denied Khan another continuance and ordered removal. The BIA affirmed the removal order and dismissed Khan's appeal.

The standard of review is well-established: we review an IJ's denial of a continuance for abuse of discretion. See Sanusi v. Gonzales, 445 F.3d 193, 199 (2d Cir. 2006). "An IJ . . . abuse[s] his discretion in denying a continuance if (1) [his] decision rests on an error of law (such as application of the wrong legal

---

[1] In 2001 Khan's first wife, who was also a United States citizen, had filed a visa petition on Khan's behalf, which was denied in 2003.

principle) or a clearly erroneous factual finding or (2) [his] decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." Id. at 551–52 (quotation marks omitted).

Khan argues that the agency abused its discretion in declining to continue his removal proceedings pending a decision on his third wife's second Form I-130 visa petition. We disagree. Khan was placed in removal proceedings in 2006 and, since then, has received nearly a dozen continuances for attorney scheduling, venue transfers, and travel issues, as well as for the adjudication of visa petitions filed by his current (third) and former (second) wives. Moreover, USCIS already denied his third wife's first Form I-130 visa petition in April 2013 for failure to establish a bona fide marriage, and his appeal of the denial was summarily dismissed. See Pedreros v. Keisler, 503 F.3d 162, 166 (2d Cir. 2007) ("[O]nce [USCIS] denied the petition on the grounds that the marriage lacked bona fides, that prima facie case [of eligibility for a visa petition] had been rebutted.").

After Khan's third wife filed a second visa petition in 2015, Khan obtained still more continuances of his removal proceedings based on the pending

adjudication of that petition. Khan provides no evidence that circumstances have changed between his third wife's first and second visa petitions. In these circumstances, we identify no abuse of discretion in the agency's 2018 denial of yet another continuance. "[W]e find no basis for obligating the agency to grant continuances pending adjudication of an immigrant visa petition when there is a reliable basis to conclude that the visa petition or the adjustment of status will ultimately be denied." Id. Nor do we find any error in the agency's consideration of the history of continuances in Khan's removal proceedings. See Sanusi, 445 F.3d at 200 (finding no abuse of discretion where noncitizen already received two continuances).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court