*Guerrero Illescas v. Garland*

BIA
Conroy, IJ
A089 909 148

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand twenty-one.

PRESENT:
> JOHN M. WALKER, JR.,
> JOSEPH F. BIANCO,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

FELICIANO EDGAR GUERRERO ILLESCAS,

> *Petitioner,*

> v.                                                    20-1523

MERRICK B. GARLAND, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

| | |
|---|---|
| FOR PETITIONER: | H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, NY. |
| FOR RESPONDENT: | Brian M. Boynton, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department |

of Justice, Washington, DC.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Feliciano Edgar Guerrero Illescas ("Guerrero"), a citizen of Mexico, seeks review of an April 13, 2020 decision of the BIA denying his motion to remand and affirming an April 30, 2018 decision of an Immigration Judge ("IJ"), which denied his motion for a continuance. *In re Feliciano Edgar Guerrero Illescas*, No. A 089 909 148 (B.I.A. Apr. 13, 2020), *aff'g* No. A 089 909 148 (Immigr. Ct. N.Y.C. Apr. 30, 3018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We find no abuse of discretion in the IJ's denial of a continuance or the BIA's denial of Guerrero's motion to remand.

We review the denial of a continuance for an abuse of discretion. *See Sanusi v. Gonzales*, 445 F.3d 193, 199 (2d Cir. 2006). An IJ abuses his discretion "if (1) his decision rests on an error of law . . . or a clearly erroneous factual finding or (2) his decision—though not necessarily the product of a legal

2

error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Morgan v. Gonzales*, 445 F.3d 549, 551–52 (2d Cir. 2006) (alterations and internal quotation marks omitted). Guerrero argues that the IJ abused his discretion in declining to continue his removal proceedings in order for him to await adjudication by U.S. Citizenship and Immigration Services ("USCIS") of his application for adjustment of status. More specifically, he asserts that the agency failed to consider the factors set forth in *Matter of Hashmi*, 24 I. & N. Dec. 785 (B.I.A. 2009).

In considering whether to grant a continuance for a noncitizen to apply for adjustment of status based upon a pending visa petition, the agency considers:

> (1) the . . . response to the motion; (2) whether the underlying visa petition is prima facie approvable; (3) the [movant's] statutory eligibility for adjustment of status; (4) whether the [movant's] application for adjustment merits a favorable exercise of discretion; and (5) the reason for the continuance and other procedural factors.

*Matter of Rajah*, 25 I. & N. Dec. 127, 130 (B.I.A. 2009) (quoting *Matter of Hashmi*, 24 I. & N. Dec. at 790).

The IJ did not abuse his discretion in denying the continuance. As an initial matter, Guerrero's visa petition, filed by his mother, was approved in 1997, so there was no pending visa petition when he requested a continuance from the IJ and,

3

moreover, Guerrero had also failed to apply for adjustment of status notwithstanding his eligibility to do so. Therefore, the *Hashmi* factors were not implicated, *i.e.*, he could have filed his application before the hearing. *See Pedreros v. Keisler*, 503 F.3d 162, 165 (2d Cir. 2007) ("[A]s a general matter, an alien is entitled to a continuance of removal proceedings against him while a prima facie approvable I-130 immigrant visa petition is *pending* in front of [USCIS]." (emphasis added) (internal quotation marks omitted)); *see also Matter of Hashmi*, 24 I. & N. Dec. at 790 ("[D]iscretion should be favorably exercised where a prima facie approvable visa petition *and adjustment application* have been submitted in the course of an ongoing removal hearing." (emphasis added)).

In any event, the record reflects that the IJ considered the *Hashmi* factors. Counsel for the government asked to move forward with removal proceedings, and the IJ noted that Guerrero was eligible to apply for adjustment of status beginning in December 2017, several months before the hearing. As to whether Guerrero would merit a favorable exercise of discretion on an application to adjust, the IJ emphasized that Guerrero had not filed an application with the immigration court or with USCIS. Finally, regarding the reason for the continuance and other procedural factors, the IJ observed that Guerrero's counsel waited until the

4

hearing to ask for a continuance; the IJ found this approach "unacceptable" given the time the case had been pending. Joint App'x at 125. In short, Guerrero has not shown an abuse of discretion because the IJ's analysis reflects proper consideration of the *Hashmi* factors. *See Morgan*, 445 F.3d at 551–52.

The BIA also did not abuse its discretion in denying Guerrero's motion to remand. *Li Yong Cao v. U.S. Dep't of Just.*, 421 F.3d 149, 157 (2d Cir. 2005) ("We review the BIA's denial of a motion to remand for consideration of new evidence for abuse of discretion . . . ."). A motion to remand for consideration of new evidence on appeal is subject to the same rules as a motion to reopen, and the BIA may deny such a motion if the movant fails to show prima facie eligibility for relief or where it determines that the application would not be granted as a matter of discretion. *See INS v. Abudu*, 485 U.S. 94, 104–05 (1988); *Li Yong Cao*, 421 F.3d at 156. Motions to reopen "must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1).

Guerrero submitted proof that he had filed an application to adjust status with USCIS while his appeal was pending, but his application was incomplete. In particular, the application omitted required details of his criminal history, and Guerrero failed to include the required affidavit of support. *See* 8 U.S.C.

5

§§ 1182(a)(4)(A) (noncitizen is inadmissible if likely to become a public charge), 1182(a)(4)(C)(ii) (requiring sponsor's affidavit for certain family-sponsored immigrants), 1255(a) (requiring admissibility for adjustment); 8 C.F.R. § 213a.2(a) (requiring exemption request absent affidavit of support). In light of the fact that the regulations governing reopening require the submission of the application and all supporting documentation, the BIA did not abuse its discretion in declining to remand. *See* 8 C.F.R. § 1003.2(c)(1); *Li Yong Cao*, 421 F.3d at 156–57.

Because this finding is dispositive of the request to reopen and remand, we need not reach the BIA's alternative basis for declining to reopen and remand—that Guerrero had not shown that he warranted adjustment as a matter of discretion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). However, that alternative finding also provides a dispositive basis for the denial of reopening. The BIA may "leap ahead" over prima facie eligibility for relief and consider whether adjustment would be warranted as a matter of discretion. *See Abudu*, 485 U.S. at 105. Guerrero had the burden to show that he would merit a favorable exercise of discretion, 8 U.S.C. § 1229a(c)(4), and his criminal history, which, as noted above, he

6

did not explain, is an adverse factor in that analysis, *see Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006) ("Because the purpose of adjustments of status is to provide worthy aliens with special relief, we see no reason to prevent an IJ or the BIA from considering an applicant's anti-social conduct—whether leading to a conviction . . . or no legal judgment whatsoever—as an adverse factor in evaluating an application for discretionary relief.").

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7